IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BODUM USA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> OXO International, Inc., <br><br> Defendant. | No. <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR INFRINGEMENT OF
TRADE DRESS AND UNFAIR COMPETITION**

For its Complaint against OXO International, Inc. ("OXO"), Plaintiff Bodum USA, Inc. ("Bodum") alleges:

**NATURE OF THE ACTION**

1. This Complaint seeks injunctive relief and damages for OXO's trade dress infringement of Bodum's iconic CHAMBORD® Trade Dress embodied in its French press coffeemakers pursuant to section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (Count I); unfair competition (Count II); and violation of the Illinois Uniform Deceptive Trade Practices Act (Count III).

**THE PARTIES**

2. Bodum is a Delaware corporation having its principal place of business at 601 West 26th Street, New York, NY 10001.

3. Bodum is in the business of, among other things, importing, distributing, promoting and selling high-quality, designer specialty housewares, including a line of nonelectric coffeemakers and related items under the federally registered trademark CHAMBORD® throughout the United States, including this Judicial District.

4. OXO is a Nevada corporation having its principal place of business, on information and belief, in New York, New York.

5. OXO is in the business of, among other things, promoting and selling household goods and specialty housewares throughout the United States, including this District, including nonelectric coffeemakers and related items.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over Count I of the Complaint under 15 U.S.C. § 1121, 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) because the claim herein involves questions of federal law. This Court also has jurisdiction over Counts II and III under 28 U.S.C. §§ 1338(b) and 1367 because these claims are substantially related to the claims in Count I under the United States trademark laws.

7. This Court has personal jurisdiction over OXO under 735 ILCS 5/2-209, *et seq.*, because it has committed, or is about to commit, tortious acts within the State of Illinois causing injury to Bodum within the state, and/or actions that cause injury in this District, and because OXO regularly conducts business in the State of Illinois, including this District. Further, this Court's exercise of personal jurisdiction over OXO complies with the Due Process requirements of the United States Constitution and the Illinois Constitution.

8. Venue is proper in the Northern District of Illinois under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this Complaint occurred in this District.

## FACTS COMMON TO ALL COUNTS

9. Since approximately 1983, Bodum has been engaged in the importation, promotion, distribution and sale in the United States of high-quality nonelectric French press

coffeemakers, including Bodum's CHAMBORD® coffeemakers. For this period of time, Bodum has sold such coffeemakers throughout the United States.

10. Since 1983, Bodum has expended substantial amounts of money, time and effort to acquire, develop, advertise and promote its CHAMBORD® coffeemaker embodying its CHAMBORD® Trade Dress in the United States.

11. Bodum has cultivated the unique and distinctive overall appearance of its CHAMBORD® coffeemakers, such that consumers and people working in the housewares industry are easily able to identify such products as originating from Bodum. This unique, iconic and inherently distinctive overall appearance includes the design of the metallic stand that holds the carafe, the design of the handle and the distinctive bands affixing the handle to the carafe, as well as other aspects of Bodum's CHAMBORD® coffeemaker. A picture of Bodum's CHAMBORD® coffeemaker is attached as **Exhibit 1**. This overall design of Bodum's coffeemaker is referred to herein as the "Bodum CHAMBORD® Trade Dress."

12. All the features that constitute the Bodum CHAMBORD® Trade Dress are nonfunctional, in that they serve a decorative and aesthetic purpose and are not required to exist in this design in order for the coffeemaker to be used for its intended purpose. This nonfunctionality is further demonstrated by the existence in the marketplace of numerous French press coffeemakers with completely different designs than the Bodum CHAMBORD® Trade Dress.

13. Bodum, long prior to the acts of OXO described in this Complaint, has extensively advertised and promoted the Bodum CHAMBORD® Trade Dress. As a result of the care and skill exercised by Bodum, and because of the extensive advertising, promotion, sale and public acceptance of the Bodum CHAMBORD® Trade Dress, Bodum's CHAMBORD® coffeemakers have acquired a fine and valuable reputation. The public recognizes the Bodum

CHAMBORD® Trade Dress as a source identifier for Bodum's products exclusively. Bodum's CHAMBORD® coffeemakers have acquired an outstanding celebrity, and symbolize the fine reputation and goodwill that Bodum has created by distributing and selling products of high quality by fair and honorable dealing with the housewares trade and public in the distribution and sale thereof. Accordingly, the Bodum CHAMBORD® Trade Dress has acquired secondary meaning.

14. The identifying appearance of the Bodum CHAMBORD® Trade Dress constitutes protectable property of Bodum.

15. Bodum has spent and continues to spend substantial sums of money, time and effort to develop, advertise and promote the Bodum CHAMBORD® Trade Dress and related products through, in part, distribution of catalogs and brochures, advertising campaigns, national and international trade shows, fixture programs with retailers, and demonstrations and training. Such efforts have created and reinforced the association of the Bodum CHAMBORD® Trade Dress in the minds of the trade and the consuming public.

16. Bodum also has spent considerable money, time and effort enforcing its trade dress rights against would-be competitors who attempt to sell knockoffs of the CHAMBORD® coffeemaker, including prosecuting lawsuits and sending cease-and-desist letters.

17. As a result of Bodum's efforts, the CHAMBORD® coffeemaker has become Bodum's flagship product in the United States, and has assumed a dominant, iconic position in the French press market.

18. Bodum recently has discovered that OXO has been promoting and advertising for sale one or more nonelectric French-press coffeemakers that are colorable imitations of Bodum's CHAMBORD® coffeemakers. A true and correct copy of a picture of such a product is attached hereto as **Exhibit 2**, and will be referred to herein as the "Accused Product."

19. The Accused Product copies the look and overall appearance of the Bodum CHAMBORD® Trade Dress, including the elements described above, and is confusingly similar thereto.

20. The Accused Product is advertised, promoted and marketed in the same channels of trade as Bodum CHAMBORD® Trade Dress in the United States, including this District.

21. On information and belief, OXO knew of the Bodum CHAMBORD® Trade Dress and Bodum's hard-earned goodwill at all pertinent times prior to OXO's first promotion and sale of the Accused Product.

22. OXO's deliberately adopted an appearance for its competing Accused Product seeking to trade upon the hard-earned goodwill of Bodum, and it has deliberately attempted to ride Bodum's coattails to capitalize on the Bodum CHAMBORD® Trade Dress. Accordingly, defendant's infringement is willful and this action is an "exceptional case."

23. Confusion will be likely to result from OXO's conduct unless enjoined by this Court.

24. Bodum has been and will continue to be seriously and irreparably injured unless OXO's conduct is enjoined by this Court.

## COUNT I
## TRADE DRESS INFRINGEMENT, 15 U.S.C. § 1125

25. As a complete and first ground for relief, Bodum hereby charges OXO with false representation and/or false designation of origin under 15 U.S.C. § 1125(a), and realleges and incorporates herein by this reference paragraphs 1 through 24 of this Complaint.

26. OXO has intentionally adopted and is using in commerce, in connection with the advertising, promotion and sale of the Accused Product, an overall appearance that is intended by OXO to be substantially similar to, and a colorable imitation of, the distinctive Bodum CHAMBORD® Trade Dress.

27. OXO's unlawful adoption and use, in commerce, of such a colorable imitation of the Bodum CHAMBORD® Trade Dress without the authorization of Bodum are likely to cause confusion, to cause mistake and/or to deceive consumers as to the affiliation, connection or association of OXO with Bodum or as to the origin, sponsorship or approval of OXO's goods with Bodum's.

28. Through the promotion, advertising and sale of such a confusingly similar coffeemaker, OXO has unlawfully simulated, appropriated and infringed Bodum's rights and its proprietary trade dress. Such conduct and appropriation constitute a false description or representation of Bodum's products or a false designation of origin, in violation of 15 U.S.C. § 1125(a).

29. OXO's conduct and its false representations of genuineness have injured and will injure Bodum by diversion of Bodum's goodwill and sales to OXO, and by diminishing and destroying Bodum's goodwill and reputation. Bodum seeks damages in such sum as may be proved at the time of trial in a sum equal to that received by OXO and those sums lost by Bodum as a result of such conduct and actions, in an amount not less than $75,000.

## COUNT II
## COMMON LAW UNFAIR COMPETITION

30. As a complete and second ground for relief, Bodum hereby charges OXO with common law unfair competition and realleges and incorporates herein by this reference paragraphs 1 through 24 of this Complaint.

31. Bodum alleges that OXO, by careful and considered planning, has promoted the Accused Product to consumers through the use of Bodum CHAMBORD® Trade Dress so as to confuse and deceive consumers and obtain the acceptance of their goods based on the merit, reputation and goodwill of Bodum and its high-quality products and services.

32. OXO's actions constitute oppression, fraud and malice in that they have intentionally engaged in activities designed to confuse the public and to divert sales to OXO that would have otherwise been enjoyed by Bodum.

33. Bodum further alleges that OXO has misappropriated and unlawfully exploited the valuable property rights and goodwill of Bodum and Bodum's CHAMBORD® Trade Dress through OXO's use of a confusingly similar trade dress. As a result of such misappropriation, Bodum has suffered and will suffer damages and irreparable injury to its property and goodwill, including destruction of the business value of Bodum's CHAMBORD® Trade Dress, and OXO will be unjustly enriched thereby. Said damages will be in such sum as may be proved at the time of trial, in an amount not less than $75,000.

## COUNT III
## VIOLATION OF ILLINOIS UNIFORM
## DECEPTIVE TRADE PRACTICES ACT

34. As a complete and third ground for relief, Bodum hereby charges OXO with violating the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510/1, *et seq.*, and realleges and incorporates herein by this reference paragraphs 1 through 24 of this Complaint.

35. Bodum alleges that OXO intentionally, willfully and unlawfully has simulated and appropriated Bodum's rights and the Bodum CHAMBORD® Trade Dress by advertising, promoting, offering to sell and selling the Accused Product.

36. Bodum further alleges that OXO's intentional and willful acts have unfairly deceived the public, and will continue to unfairly deceive the public, causing confusion and mistake as to the proper origin of the Accused Product, in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1, *et seq.*

37. OXO's actions constitute oppression, fraud and malice in that it has intentionally engaged in activities designed to confuse the public and to divert sales to OXO that would have otherwise been enjoyed by Bodum.

38. As a result of OXO's actions and misappropriation of Bodum's rights, Bodum has suffered and will suffer damages and irreparable injury to its property and goodwill, including destruction of the business value of the Bodum CHAMBORD® Trade Dress, and OXO will be unjustly enriched thereby in such sum as may be proved at the time of trial, in an amount not less than $75,000.

WHEREFORE, Plaintiffs request that this Court enter judgment that Defendant OXO International, Inc.:

A. infringed Bodum USA, Inc.'s rights in the Bodum CHAMBORD® Trade Dress and competed unfairly with Bodum USA, Inc. by use of a trade dress confusingly similar to the Bodum CHAMBORD® Trade Dress in the use, promotion and sale of the Accused Product;

B. infringed Bodum USA, Inc.'s rights in the Bodum CHAMBORD® Trade Dress, and has competed unfairly with Bodum USA, Inc. by use of a trade dress confusingly similar to the Bodum CHAMBORD® Trade Dress in the use, promotion and sale of the Accused Product;

C. unfairly competed with Bodum USA, Inc. and has violated the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1, *et seq.*;

D. be, together with its officers, agents, servants, employees, attorneys, importers, suppliers and all persons in active concert and participation with it who receive notice, preliminarily and permanently enjoined from:

    1. advertising, marketing, offering for sale or selling the Accused Product and related products utilizing the Bodum CHAMBORD® Trade Dress or any trade dress confusingly similar thereto,

2. advertising, marketing, offering for sale or selling the Accused Product and related products utilizing the Bodum CHAMBORD® Trade Dress or any trade packaging confusingly similar thereto,

3. unfairly competing with Bodum USA, Inc., and

4. causing a likelihood of confusion or misunderstanding as to source, sponsorship, approval or certification of its products or as to any affiliation, connection or association of it with or approval of it by Bodum USA, Inc., or engaging in any other conduct that similarly creates a likelihood of confusion or misunderstanding or false representation with respect to Bodum USA, Inc.;

E. be directed to deliver up to this Court for destruction, pursuant to 15 U.S.C. § 1118, coffeemakers in its possession bearing a trade dress that is identical or substantially similar to the Bodum CHAMBORD® Trade Dress or any reproduction, counterfeit, copy or colorable imitation thereof, and be required to recall all products or packaging bearing a trade dress that is identical or substantially similar to the Bodum CHAMBORD® Trade Dress from OXO's customers and refund any monies paid for such products to its customers;

F. account and pay to Bodum USA, Inc. all profits received from the sale of products bearing a trade dress that is identical or confusingly similar to the Bodum CHAMBORD® Trade Dress;

G. pay to Bodum USA, Inc. its actual damages on account of OXO's infringement, unfair competition and false representation, including, but not limited to, the reasonable value of the use of the Bodum CHAMBORD® Trade Dress to OXO, and that, in view of the flagrant and deliberate character of such infringement and unfair competition, such damages be trebled;

H. award Bodum USA, Inc.'s reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a) and 815 ILCS 510/1, *et seq*.; and

I.	award for such other and further relief in favor of Bodum USA, Inc. as this Court deems proper and just.

## DEMAND FOR JURY TRIAL

Bodum USA, Inc. demands trial by jury.

Dated:  March 18, 2016                                  Respectfully submitted,

                                                                          BODUM USA, INC.

                                                                          By:  /s/David E. Bennett
                                                                                     One of Its Attorneys

David E. Bennett
Nicole J. Highland
Vedder Price P.C.
222 North LaSalle Street, Suite 2600
Chicago, IL  60601-1003
(312) 609-7500